UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARON N. HAGHIGHI, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   C06-1742-TSZ-JPD |
| ) | |
| v. ) | |
| ) | |
| SNOHOMISH COUNTY, *et al.* ) | ORDER DISMISSING SOME |
| ) | DEFENDANTS AND DIRECTING |
| Defendants. ) | SERVICE BY FIRST CLASS MAIL |
| ) | AND PROCEDURES |
| _____ ) | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  The Court, having reviewed plaintiff's second amended complaint, does hereby ORDER as follows:

(1)    Plaintiff identifies Snohomish County as a defendant in this action.  A local government unit or municipality can be sued as a "person" under § 1983.  *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978).  However, as plaintiff was advised in previous Orders of this Court, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*.  A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.  *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

ORDER DISMISSING SOME
DEFENDANTS AND DIRECTING
SERVICE - 1

1   Plaintiff does not identify in his second amended complaint any custom or policy that caused
2   his alleged injuries.  Accordingly, plaintiff's second amended complaint is DISMISSED as to
3   defendant Snohomish County pursuant to 28 U.S.C. § 1915(e)(2)(B).

4   (2)   Plaintiff identifies Steve Thompson, Director of Snohomish County Corrections, as a
5   defendant in this action.  Plaintiff was advised in previous Orders of this Court that Mr. Thompson
6   could not be held liable solely on the basis of supervisory responsibility or position, *Monell v.*
7   *Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978), and that plaintiff
8   must allege facts demonstrating that Mr. Thompson personally participated in causing plaintiff harm of
9   constitutional dimension.  Plaintiff alleges generally that Mr. Thompson failed to intercede in the
10  violations of his employees.  However, he fails to identify any specific instances of misconduct by Mr.
11  Thompson which would suggest that this defendant personally participated in violating any of
12  plaintiff's constitutional rights.  Accordingly, plaintiff's second amended complaint is also
13  DISMISSED as to defendant Thompson pursuant to 28 U.S.C. § 1915(e)(2)(B).

14  (3)   <u>Service by Clerk</u>

15  The Clerk is directed to send the following to defendants Sukert, Hovey, Henry, Oster and
16  Bluss by first class mail: a copy of plaintiff's second amended civil rights complaint (Dkt. No. 37), a
17  copy of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of
18  Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the
19  Clerk's Office.

20  (4)   <u>Response Required</u>

21  Defendants shall have **thirty (30) days** within which to return the enclosed waiver of service
22  of summons.  Any defendant who timely returns a signed waiver shall have **sixty (60) days** after the
23  date designated on the notice of lawsuit to file and serve an answer to the amended complaint or a
24  motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

25  ORDER DISMISSING SOME
    DEFENDANTS AND DIRECTING
26  SERVICE - 2

1  Any defendant who fails to timely return a signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(5) <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, <u>www.wawd.uscourts.gov</u>, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the Magistrate Judge to whom the document is directed.

For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the works "Courtesy Copy of Electronic Filing for Chambers."

Finally, any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(6) <u>Motions</u>

Regarding the filing of motions before the Court, the parties are directed to review Local Rule CR 7 in its entirety. A few important points are highlighted below:

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. **The motion shall include in**

ORDER DISMISSING SOME
DEFENDANTS AND DIRECTING
SERVICE - 3

1 **its caption (immediately below the title of the motion) a designation of the date the motion is to
2 be noted for consideration upon the court's motion calendar.**

3       In all instances where one of the parties to a lawsuit is incarcerated, **all** categories of non-
4 dispositive motions not listed in Local Rule CR 7(d)(1) must be noted for the third Friday after the
5 date of filing and service. This applies to all non-dispositive motions, even those which are normally
6 (if none of the parties are incarcerated) permitted to be noted 7 judicial days after filing. *See* Local
7 Rule CR 7(d)(2).

8       All dispositive motions shall be noted for consideration no earlier than the fourth Friday
9 following filing and service of the motion.

10       (7)    <u>Direct Communications with District Judge or Magistrate Judge</u>

11       No direct communication is to take place with the District Judge or Magistrate Judge with
12 regard to this case. All relevant information and papers are to be directed to the Clerk.

13       (8)    The Clerk is directed to send copies of this Order to plaintiff, to the Snohomish County
14 Prosecutor's Office, and to the Hon. James P. Donohue.

15       DATED this 20th day of September, 2007.

                                              /s/ Thomas S. Zilly
                                              Thomas S. Zilly
                                              United States District Judge

Recommended for entry this
7th day of August, 2007.

s/ JAMES P. DONOHUE
United States Magistrate Judge

25 ORDER DISMISSING SOME
    DEFENDANTS AND DIRECTING
26 SERVICE - 4