UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARON N. HAGHIGHI,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY, *et al.*,<br><br>Defendants. | CASE NO. C06-1742-TSZ-JPD<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is s civil rights action brought under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the King County Regional Justice Center in Kent, Washington. Plaintiff alleges in his second amended civil rights complaint that defendants violated his First, Eighth, Ninth, and Fourteenth Amendment rights during the course of his incarceration at the Snohomish County Jail. Plaintiff identifies as defendants in his second amended complaint Snohomish County corrections officers Sukert, Hovey, Henry, Oster, and Bluss.[1]

---

[1] Plaintiff also identified as defendants in his second amended complaint Snohomish County and Steven Thompson, Director of Snohomish County Corrections. These two defendants were dismissed from this action on September 20, 2007. (*See* Dkt. No. 43.)

REPORT AND RECOMMENDATION
PAGE - 1

Defendants have now filed a motion to dismiss this action for failure to exhaust administrative remedies. Plaintiff has filed two responses to defendants' motion and defendants have filed a reply brief in support of their motion. The briefing is now complete, and this matter is ripe for review. This Court, having reviewed defendants' motion to dismiss, and the balance of the record, concludes that the motion to dismiss should be granted and this action should be dismissed, without prejudice, for failure to exhaust administrative remedies.

## DISCUSSION

Plaintiff's second amended civil rights complaint is somewhat difficult to decipher. However, plaintiff appears to allege that defendants took away his religious materials, mishandled his religious diet, engaged in discriminatory conduct, subjected him to physical harm by staff and inmates, and illegally placed him in administrative segregation.

Defendants argue in their motion to dismiss that this action should be dismissed because plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001).

If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal

REPORT AND RECOMMENDATION
PAGE - 2

of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)(citations and footnote omitted).

The Snohomish County Jail has established a grievance process through which inmates may pursue complaints regarding any condition at the jail, or any treatment received from a staff member. (*See* Dkt. No. 55 at 3; Dkt. No. 56 at 2.) The grievance process has three levels of review. (*Id*.) First, an inmate must file a grievance with the supervisor or sergeant in charge of the shift or area of operation pertinent to the issue being grieved. (*Id*.) A prisoner who is dissatisfied with the response received from the supervisor or sergeant may appeal that decision to the captain or manager who oversees the original responder. (*Id*.) An inmate who is dissatisfied with the response received at this second level of review may appeal to the director of Snohomish County Corrections. (*Id*.) An inmate is deemed to have exhausted the grievance process only after pursuing a grievance through each of the three levels of review described above. (*Id*.)

Defendants, in support of their motion to dismiss, have offered the declaration of David Oster, who oversees coordination of the grievance process at the Snohomish County Jail. (Dkt. No. 56.) Mr. Oster indicates that he has reviewed all grievances filed by plaintiff between March 6, 2006, the date plaintiff was booked into the Snohomish County Jail, and December 19, 2006, the date plaintiff was transferred to the King County Department of Corrections. (*Id*. at 2.) According to Mr. Oster, while some of the grievances filed by plaintiff do, in fact, relate to issues raised by plaintiff in his second amended complaint, plaintiff did not pursue any of those grievances through all three levels of the grievance process. (*See id*. at 2-6.)

Plaintiff appears to have filed two responses to defendants' motion to dismiss. In the first response, received on November 2, 2007, plaintiff asserts that third tier grievances are frequently mishandled by corrections staff at the Snohomish County Jail. (*See* Dkt. No. 66 at 5.) Plaintiff does not, however, expressly assert that he submitted any third tier grievances on issues related to the claims alleged in his second amended complaint.

REPORT AND RECOMMENDATION
PAGE - 3

In his second response, filed on November 6, 2007, plaintiff asserts that he attempted to follow protocol in the grievance process, but that the officers who received the grievances failed to process the grievances to the next level. (Dkt. No. 69 at 3.) Mr. Oster, in his declaration, makes clear that the responsibility for pursuing a grievance through each level of review rests with the inmate and not with the corrections staff. (*See* Dkt. No. 56 at 2.) Plaintiff also asserts in his second response that the Snohomish County Corrections grievance committee failed to disclose all of his grievances and that copies of those grievances are being mailed by his attorney. However, the Court has received no such submission from either plaintiff or his attorney. To date, plaintiff has not submitted any evidence to refute defendants' evidence which demonstrates that plaintiff has not exhausted his administrative remedies as to any of his civil rights claims. Accordingly, plaintiff's second amended civil rights complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a).

## CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's second amended complaint, and this action, be dismissed without prejudice. This Court further recommends that this be counted as a dismissal under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

DATED this 30th day of November, 2007.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4